UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN VOAGE, CDCR #AI-5010,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA;<br>VIBRA HOSPITAL; and<br>MASSOUD SOUMEKH,<br><br>　　　　　　　　Defendants. | Case No.: 19-CV-333 JLS (BLM)<br><br>**ORDER: (1) DISMISSING CIVIL ACTION FOR FAILING TO PREPAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a), AND 2) DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF No. 2) |

Plaintiff Kevin Voage, incarcerated at the California Health Care Facility in Stockton, California, proceeding pro se and with the assistance of a fellow inmate, has filed a Complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See* ECF No. 1 ("Compl.").

Plaintiff contends Defendants denied reasonable accommodations for his disability in violation of Americans with Disabilities Act and acted with deliberate indifference to his medical needs in violation of the Eighth Amendment while he was incarcerated at Richard J. Donovan Correctional Facility in San Diego, California, in October 2017. *Id.* at 2–4, 6–10.

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time he submitted his Complaint, nor has he filed a Motion to Proceed *in Forma Pauperis*

("*IFP*") pursuant to 28 U.S.C. § 1915(a). With the assistance of a fellow inmate, however, he has filed a Motion for Appointment of Counsel. *See* ECF No. 2 ("Mot.").

## I. Failure to Pay Filing Fee or Request *IFP* Status

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *IFP* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to file an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

Because Plaintiff is a prisoner as defined by 28 U.S.C. § 1915(h), he is cautioned that, even if he files an *IFP* Motion and affidavit in compliance with § 1915(a)(2), he will nevertheless remain obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. §§ 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). He must also submit a "certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in Plaintiff's account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless he has no assets. *See* 28 U.S.C. §§ 1915(b)(1), (4); *Taylor*, 281 F.3d at 850. The Court then directs the institution having custody of Plaintiff to collect subsequent

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed *IFP*. *Id.*

payments, assessed at 20% of the preceding month's income in any month in which his account exceeds $10, and to forward them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) ("Although indigent prisoners are still accorded IFP status if they establish that they meet the prerequisites, § 1915(b) provides that prisoners proceeding IFP must pay the filing fee as funds become available in their prison accounts.").

Because Plaintiff has neither paid the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action nor filed a properly supported Motion to Proceed *IFP* pursuant to 28 U.S.C. § 1915(a), his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Rodriguez*, 169 F.3d at 1177.

## II. Motion to Appoint Counsel

Plaintiff's fellow inmate, Dexter Brown, has also filed a Motion to Appoint Counsel on Plaintiff's behalf. *See generally* Mot.[2] Mr. Brown claims that Plaintiff is paralyzed and that Mr. Brown has been "preparing various complaints/claims" on Plaintiff's behalf because Plaintiff has been "unable to obtain [other] assistance from . . . unit staff." *Id.* at 1. Mr. Brown contends that he has since been moved to another building, however, which "severely limit[s his] ability to communicate with Plaintiff." *Id.* Therefore, Mr. Brown requests the appointment of counsel on Plaintiff's behalf, arguing Plaintiff's disabilities alone make his case "exceptional." *Id.* at 2.

There is, however, no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to

---

[2] Plaintiff is cautioned that "[a]ny person who is appearing propria persona (without an attorney) (*i.e.*, pro se) must appear personally for such purpose and may not delegate that duty to another person." S.D. Cal. CivLR 83.11(a). A litigant in federal court has a right to act as his or her own counsel. *See* 28 U.S.C. § 1654; *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). That right is personal to Plaintiff, however, and while nothing prevents Mr. Brown from helping Plaintiff prepare his pleadings or otherwise assisting Plaintiff, Mr. Brown may not "pursu[e] claims on behalf of [Plaintiff] in a representative capacity." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases).

"request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), and Mr. Brown is correct to note that this discretion may be exercised under "exceptional circumstances," *id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), it first and necessarily depends upon Plaintiff's *IFP* status. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").

Because Plaintiff has neither requested nor has been granted leave to proceed *IFP* pursuant to 28 U.S.C. §§ 1915(a) and (b) in this case, he is not eligible to request the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) at this time.

## CONCLUSION

Accordingly, the Court:

1. **DISMISSES WITHOUT PREJUDICE** this civil action based on Plaintiff's failure to pay the $400 civil filing and administrative fee or to submit a Motion to Proceed *IFP* pursuant to 28 U.S.C. §§ 1914(a) and 1915(a);

2. **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Appoint Counsel (ECF No. 2);

3. **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is electronically docketed to: (a) prepay the entire $400 civil filing and administrative fee in full, or (b) complete and file a Motion to Proceed *IFP* which complies with 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2(b); and

4. **DIRECTS** the Clerk of the Court to provide Plaintiff with the Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*."

///
///
///
///
///

4

19-CV-333 JLS (BLM)

1 | If Plaintiff fails to either prepay the $400 civil filing fee or fully complete and submit the enclosed Motion to Proceed *IFP* within forty-five (45) days, this action **WILL REMAIN** dismissed without prejudice without further Order of the Court based on Plaintiff's failure to satisfy 28 U.S.C. § 1914(a)'s fee requirement.[3]

**IT IS SO ORDERED**.

Dated: March 29, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

[3] Plaintiff is cautioned that, if he chooses to proceed further by either prepaying the full $400 civil filing fee or submitting a properly supported Motion to Proceed *IFP*, his Complaint will be reviewed before service and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the full $400 filing fee at once or is granted *IFP* status and is obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity").